UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GARB-KO, INC.,                          )
                                        )
                    Plaintiff,          )
          vs.                           )   CASE NO. 1:06-cv-1715-DFH-WTL
                                        )
PATRICIA PROUGH,                        )
                                        )
                    Defendant.          )

ENTRY ON PENDING MOTIONS

The court, having considered the above action and the matters that are pending, makes the following rulings:

Defendant Prough has moved to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a), which authorizes changes of venue "for the convenience of parties and witnesses, in the interest of justice." Prough states that she would not be able to attend trial proceedings in Indiana because of her disability and limited Social Security income.

The only connection this case has to the Northern District of California is that the defendant herself chose to move there after the events giving rise to this lawsuit occurred in Indiana. The Franchise Agreement at issue was executed in Indiana. No witness other than the defendant or other evidence would be located in California.

A party's decision to move across the country after the relevant events, no matter how good her reasons were, should not provide a basis for transfer of a lawsuit to that new home under § 1404(a).  See *Heartland Packaging Corp. v. Sugar Foods Corp.*, 2007 WL 101815, *2 (S.D. Ind. Jan. 9, 2007) (granting motion to transfer venue to Texas; claims arose in Texas and would be governed by Texas law; plaintiff's move of its offices to Indiana did not justify venue in Indiana).  The Seventh Circuit has noted that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003), quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  Accordingly, on balance, the defendant's motion to transfer venue is denied.  As much as is reasonably possible, means other than in-person attendance at pretrial proceedings can be accommodated by the court and the plaintiff.

On January 3, 2007, the defendant filed a motion to dismiss second and third claims for relief, and a motion to strike immaterial allegations, docket #14. These motions were unopposed and on February 16, 2007, the plaintiff filed a motion for voluntary dismissal of claims, docket #19, seeking the dismissal of counts II and III without prejudice.  The defendant's motion went to the merits of the two claims at issue, and there is no apparent basis for dismissing these claims without prejudice. Accordingly, the defendant's unopposed motion to dismiss and motion to strike, #14, is granted, and the plaintiff's motion to dismiss those

second and third claims, #19, is granted to the extent that such claims are dismissed *with* prejudice.

The result of this dismissal appears to be that the jurisdictional amount of $75,000 is no longer in controversy. The original removal based on diversity jurisdiction under 28 U.S.C. § 1332 was proper, however. The original complaint sought more than $75,000, and subsequent partial dismissals reducing the amount in controversy do not affect the court's jurisdiction as long as the plaintiff acted in good faith in asserting the original claims. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997). Plaintiff's motion to dismiss the second and third claims asserts that it acted in good faith. The court is not aware of information to the contrary.

The issue of the defendant's representation must be addressed. It has been readily apparent that Prough's filings are not drafted by a *pro se* litigant. Her son, a California attorney, has now admitted to assisting Prough. See Def. Reply Br. at 8 n.7. The problem with this situation is two-fold. First, *pro se* litigants are ordinarily entitled to some special considerations that recognize their lack of legal training. See, *e.g.*, *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982); S.D. Ind. Local Rule 56.1(h) (requiring special notice to *pro se* parties regarding motions for summary judgment). It is not fair or necessary to provide such consideration where the defendant is in fact being assisted by counsel. Second, there is the

question of practicing law in this court without accountability, which is what the defendant's son appears to have been doing.  The situation is not acceptable. Defendant's son is free to move for leave to appear *pro hac vice* and should do so promptly.  Without such leave, the case presents a potential case of the unauthorized practice of law.

     So ordered.

Date: April 11, 2007

DAVID F. HAMILTON, Judge
United States District Court
Southern District of Indiana

Copies to:

Richard C. Hersberger
BRAZILL HESTER, P.C.
rhersberger@brazillhester.com

Judy G. Hester
BRAZILL HESTER PC
jhester@brazillhester.com

John W. Nelson
BRAZILL HESTER PC
jnelson@brazillhester.com

Patricia J. Prough
1833 Skycrest Drive, No. 1
Walnut Creek, CA 94595